**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| WILLIAM and TERRI GOROL, <br> Plaintiffs, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. CPU6-16-000670 |
| MYRO CORPORATION d/b/a <br> AMERISPEC INSPECTION <br> SERVICES, <br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| CAROLINE W. SCOTT <br> Defendant/Third Party Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| HICKORY HILL BUILDERS, INC. <br> Third Party Defendant/ <br> Fourth Party Plaintiff, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | |
| ~~ACCM, INC. D/B/A PUROCLEAN~~ <br> Fourth Party Defendant. | ) <br> ) | |

Submitted: March 12, 2019
Decided: April 5, 2019

Dean A. Campbell, Esq.
20175 Office Circle
Georgetown, DE 19947
*Attorney for Plaintiff*

Colin M. Shalk, Esq.
1007 N. Orange Street, Suite 100
Wilmington, DE 19801
*Attorney for Hickory Hill*

Justin P. Callaway, Esq.
222 Delaware Ave
Wilmington, DE 19801
*Attorney for Myro Corp.*

Jason W. Adkins, Esq.
122 W. Market Street
Georgetown, DE 19947
*Attorney for Caroline Scott*

## ORDER ON MYRO CORPORATION'S MOTION FOR SUMMARY JUDGMENT

The matter is before the Court on Defendant Myro Corporation's (hereinafter "Myro") Motion for Summary Judgment. The Plaintiffs, William and Terri Gorol, (hereinafter "Gorols") brought this action against seller Caroline W. Scott, (Defendant, Third Party Plaintiff) for failing to disclose property defects, and against Myro for negligence and breach of contract for failing to disclose material defects in the conditions of the property. Myro's response to the summary judgment motion allege that any recovery by Gorols is limited to $710.00, based on the terms of the contract and Delaware law.

## FACTUAL AND PARTIES' CONTENTIONS

On July 31, 2015, the Gorols entered into an agreement of sale whereby they agreed to purchase real property at 533 Fairway Dr. in Bethany Beach, Delaware. The agreement of sale included an inspection contingency granting the Gorols the option of obtaining a professional inspection of the property. Gorols contracted with Amerispec Inspection Services to conduct a home inspection on the property prior to the purchase. Amerispec is a franchise operated and owned by Defendant Myro Corporation. On September 15, 2015, Amerispec performed a pre-settlement limited inspection of the property noting that the condition of the crawlspace and the crawlspace items were "satisfactory". Over the course of the contract, Amerispec performed three inspections of the crawlspace: two structural and one termite inspection. At no time did the inspection indicate there was any problem with crawlspace or any evidence which would warrant further investigation. The Gorols closed on the sale of the home on October 9, 2015.

Subsequent to closing, the Gorols became aware that the crawlspace had a rotten floor, and the estimated repairs would cost approximately $29,000.00.

On December 14, 2016, the Gorols brought this action against Caroline Scott and Myro Corporation. The complaint includes actions for breach of contract and/or negligence against Myro Corporation. The complaint further alleges that Amerispec undertook the obligation to inspect the property and provide reliable inspection information regarding the condition of the property. It is further allege they breached the contract by failing to disclose material defects regarding the condition of the property. Plaintiffs seeks judgment in the amount $29,000.00, interest, attorney's fees, cost, and any other relief the Court may find appropriate.

In its motion dated September 20, 2018, Myro allege that should any liability arise on its part, it is limited to the "cost of services" as stipulated in the contract agreement. Myro maintains "the parties agreed to an unambiguous contractual provision which limit any damages related to claims for negligence or breach of contract to the cost of services provided."[1] Myro argues the single paragraph entitled "Limit of Liability" set forth in the inspection contract is conspicuous and clearly written. Moreover, the Gorols agreed to the same contract term on two separate occasions prior to purchasing the property.

On October 23, 2018, the Gorols filed its response to Myro's motion for summary judgment. The Gorols' argument relies heavily on the well-established principle that contractual provisions that relieve a party from liability resulting from their own conduct

---

[1] Myro's Motion for Summary Judgment, p. 3.

are disfavored under Delaware Law. Moreover, unless it is proven after trial that the parties specifically addressed this issue and contemplated that the language used would protect the parties in the same circumstances, the limitation of liability provision is unenforceable. The Gorols argue that a question of fact exists in regards to the mindset of the parties at the time the contract was signed. The Gorols also allege that the contract provision is unconscionable and therefore invalid.

On March 1, 2019, the Court conducted a hearing on the Motion. Following oral arguments, the Court took the matter under advisement. Both parties were afforded the opportunity to submit follow up written arguments regarding their relative positions.

## LEGAL STANDARD

The Court of Common Pleas Civil Rules provide in relevant part that "A party seeking to recover upon a claim, counterclaim or crossclaim may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment and at any time prior to the marking of the case for trial, move, with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof, subject to the provisions of Rule 56(bb)."[2]

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be

---

[2] Ct. Com. Pl. Civ. R. 56(a).

4

rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."[3]

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."[4]

"The burden is on the moving party to show, with reasonable certainty, that no genuine issue of material fact exists and judgment as a matter of law is permitted.[2] When considering a motion for summary judgment, the facts must be construed in the light most favorable to the non-moving party.[3] Further, if the record indicates that a material fact is disputed, or if further inquiry into the facts is necessary summary judgment is not appropriate."[5]

## DISCUSSION

Myro argues the limitation in the contract limits any recovery against them and as such, summary judgment is appropriate. The relevant provision of the contract states:

"**Limit of Liability**- Due to the nature of the Services we are providing, it is difficult to foresee or determine (at the time this Agreement is formed) potential damages in the event of negligence or breach of this Agreement by us. Thus, **if we fail to perform the Services as provided herein** or **are careless** or **negligent in the performance of the Services and/or preparing the Report, our liability for**

---

[3] Ct. Com. Pl. Civ. R. 56(c).
[4] Ct. Com. Pl. Civ. R. 56(e).
[5] *Ins. Co. of N. Am. v. NVF Co.*, 2000 WL 305338, at *2 (Del. Super. Ct. Jan. 20, 2000).

5

**any and all claims related thereto is limited to <u>the fee paid for the Services</u> (unless contrary to state law), and you release us from any and all additional** liability. There will be no recover for **consequential damages**. You understand that the performance of the Services without this limitation of liability would be more technically exhaustive, likely require specialist(s) and would cost substantially more than the fee paid for this <u>limited visual inspection.</u>"

Limitations of liability clauses that relieve a party of liability for its own negligence are generally disfavored under Delaware law but are "enforceable where damages are uncertain and the amount agreed upon is reasonable."[6] So long as the contract's language makes it crystal clear and unequivocal that the parties specifically contemplated that the contracting party would be relieved of its own defaults.[7] It is not the reference to negligence generally, but a reference to the negligence wrongdoing of a party protected by the limitation which is required.[8]

The parties have not contended that possible damages were easy to ascertain at the time the contract was formed. Although this issue is not in contention, this Court has held that "home inspection contracts with a limitation of liability clause are enforceable because damages are not easy to ascertain by the parties at the time of the agreement."[9] Based upon the very nature of a visual home inspection, damages could easily range from failure to identify a necessary wall-outlet cover to catastrophic structural defects. Since the parties have agreed that damages were uncertain at the time of contract, that analysis hinges on whether the clause is reasonable.

---

[6] *RHA Constr., Inc. v. Scott Eng'g, Inc.*, No. CVN11C03013JRJCCLD 2013 WL 3884937, at *8 (Del. Super. Ct. July 24, 2013).
[7] *Id.*
[8] *Id.*
[9] *D'Aguiar v. Heisler*, No. CIV.A. CPU4-09005285, 2011 WL 6951847, at *12 (Del. Com. Pl. Dec. 15, 2011).

The issue regarding contractual clauses seeking to limit a parties liability or a liquidated damages clause was first considered in this jurisdiction in *Donegal v. Tri-Plex Security Alarm Systems.*[10] There, the Court held that the factors the Court should analyze when determining the reasonableness of the provision are: the length of the contract, the clarity of the language, the clarity of the disclaimed liability, and whether the clause was in boldface type.[11]

The matter of a non-liability clause in the context of a contract involving non-commercial parties was considered in *Ellis v. Tri State Realty Associates.*[12] There, the Court held that "Contractual provisions purporting to relieve a party from liability for its own negligence, or otherwise, are not favored in Delaware.[13] Nevertheless, such provisions will be upheld when the contractual language makes it crystal clear and unequivocal that the parties contemplated and specifically agreed that the contracting party would be relieved of its own negligence.[14] Instead, for an exculpatory clause to be valid, a specific reference to the negligent wrongdoing of the protected party is required.[15]

Here, the limitation of liability contractual clause specifically references the type of negligence and breach of contract disclaimed. The contract states clearly and unequivocally "if we fail to perform the Services as provided herein or are careless or

---

[10] 622 A.2d 1086 (Del. Super. Ct., 1992).
[11] *Id.*
[12] No. CV N14C-03-051 PRW, 2015 WL 993438, at *5 (Del. Super. Ct. Feb. 27, 2015)
[13] *Id.* See also *J.A. Jones Const. Co. v. City of Dover,* 372 A.2d 540, 552 (Del. Super. Ct. 1977).
[14] *Id.* at 553.
[15] *Id.*

7

negligent in the performance of the Services and/or preparing the Report our liability for any and all claims related thereto is limited to the fee paid for the services..." That however does not end the inquiry. Because the Court must determine whether the parties unequivocally agreed and contemplated specifically that such clause would govern the contractual relationship.

Myro's argument that the Gorols executed two such agreements miss the point of whether such provision was specifically agreed to. These documents are standard agreements drafted by the party who seeks to limit its liability and in such analysis such provisions are subject to heightened analysis.

I find that at this stage in the proceedings, summary judgment is inappropriate because there are questions as to whether the limit of liability provision is reasonable, conscionable, and applicable. A reasonableness inquiry requires analysis of all the facts occurring up to and surrounding the agreement. The Court cannot at this stage of the proceeding conclude that there is clarity and reasonableness of the contractual provisions. Additionally, there is no evidence that the limited liability clause was specifically brought to the attention of the Gorols before the contract was executed.

In *D'Aguiar* the court held a trial and damages hearing which allowed both parties to present their case, and for the home inspection company to proffer evidence as to the quality and competency of services provided. At the conclusion of trial, the Court ordered the parties to submit prost-trial memorandums addressing the issue of the extent the court is bound by the limitation of liability on the issue of damages. Here, discovery is still ongoing, and neither party has had the opportunity to present evidence as to

8

whether the clause is reasonable, conscionable, applicable to these sets of facts, or whether the provisions were discussed during contract negotiations.

ACCORDINGLY, Myro's Motion for Summary Judgment is DENIED at this stage in the proceedings. This case shall proceed as provided in the pretrial schedule order.

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge